# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS ANTHONY FERRARA,**

      **Plaintiff,**

v.                                                          **Civil Action No. 2:12cv88**
                                                                   **(Judge Bailey)**

**PURDUE, Gilmer Warden,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On December 18, 2012, the *pro se* plaintiff, who is a federal inmate incarcerated at FCI Gilmer, filed a letter addressed to Ms. Riley discussing what he regarded as poor conditions of confinement at said institution. The letter was construed as a civil rights complaint, and this action was opened on the plaintiff's behalf. On that same date, the Clerk of Court sent the plaintiff a Notice of Deficient Pleading and enclosed this court's form <u>Bivens</u> Complaint and Application to proceed *in forma pauperis* together with a Prisoner Trust Account Report and Consent to Collect Fees from Trust Account. The Notice advised the plaintiff that failure to submit the forms with twenty-one days would result in dismissal of his case for failure to prosecute. On January 18, 2013, the plaintiff filed a letter requesting that the Court replace the original paperwork that was previously sent to him. That same day, the Clerk of Court sent the plaintiff a copy of the Notice of Deficient Pleading together with all of the forms originally sent to him.

On February 20, 2013, the undersigned reviewed the file and determined that the plaintiff had failed to file any of the forms that had been sent to him. Therefore an Order to Show cause was issued which gave him fourteen days to show cause why his case should not be dismissed. On February 23, 2013, the plaintiff filed a Response to Order to Show Cause in which he apologized for

his slow action toward the complaint. The plaintiff also indicates that he had contacted the Clerk's office and stated that he wanted to file a criminal action because he had been physically assaulted and denied his proper medication. He also notes that he inquired of the Clerk's office as to whether an attorney was required to file a criminal action. The plaintiff further indicates that he was told that the "court was not allowed to dispense legal advise." Accordingly, the plaintiff maintains that he is consulting with an attorney and does not intend to look for any monetary settlements. Rather, he intends to bring "the mistreatment at Gilmer FCI, as well as medical conditions, to an open forum, bother while in here and when I'm released in May of this year."

Based on this history, the undersigned is unsure whether the plaintiff wishes to pursue a <u>Bivens</u> complaint with the assistance of counsel or whether he intends to take some other action to seek redress of his concerns regarding FCI Gilmer. In either event, it is clear that this action has been pending since December 18, 2012, and is still not in a posture where the undersigned can determine whether the plaintiff should be permitted to proceed *in forma pauperis* or screen the allegations for merit.

## Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** for the failure to prosecute.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the

right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 9, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE